UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SUZANNE SWARCE
46 Paradise Lane
Halifax, MA  02338

    Plaintiff,

  v.

ELI LILLY AND COMPANY
Lilly Corporation Center
Indianapolis, IN 46285
  w/s/o NATIONAL REGISTERED
  AGENTS, INC.
  1090 Vermont Avenue, N.W., Suite 910
  Washington, DC  20005

    and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
  w/s/o CT CORPORATION
  1025 Vermont Avenue, N.W.
  Washington, DC 20005

    and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
  w/s/o CT CORPORATION
  1025 Vermont Avenue, N.W.
  Washington, DC 20005

    and

DART INDUSTRIES, INC., a successor to
REXALL DRUG COMPANY, INC.
14901 South Orange Blossom Trail
Orlando, FL 32837

    and

CIVIL ACTION No. _____

GLAXOSMITHKLINE, INC.,
A successor to S.E. Massengill
1500 K Street, NW
Washington, DC 20036

and

PREMO PHARMACEUTICAL
LABORATORIES, INC.,
w/s/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

and

LANNETT COMPANY, INC.,
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

and

WYETH
5 Giraldi Farms
Madison, NJ 07940

                    Defendants.

## NOTICE OF FILING COPIES OF STATE COURT PAPERS SERVED ON DEFENDANT ELI LILLY AND COMPANY

Pursuant to 28 U.S.C. § 1446, defendant Eli Lilly and Company hereby files copies of all

process, pleadings and orders in the Superior Court action (Superior Court for the District of

Columbia Civil Action No. 04-0001095) with which it was served as of the morning of March

15, 2004.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: March 15, 2004

## CERTIFICATE OF SERVICE

I certify that on March 15, 2004, a true copy of the foregoing Notice of Filing State Court Papers was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

Sydney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorney for Bristol-Myers Squibb
Company and Pharmacia and Upjohn
Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600
Tysons Center
McLean, VA 22102
**Attorney for Dart Industries, Inc.**

Daniel Whitney, Esq.
Janet Coleman, Esq.
Whitney & Bogris LLP
401 Washington Avenue
Towson, MD 21204
**Attorneys for GlaxoSmithKline**

Aaron Handleman, Esq.
Juli Simonyi, Esq.
Eccleston and Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Christopher Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical
Laboratories Inc.**

J. Paul Mullen, Esq.
Kathleen M. Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Gregory D. Winfree, Esq.
Wyeth Pharmaceuticals
500 Arcola Road
North Dock, RC-1
Collegeville, PA 19426
**Attorney for Wyeth Pharmaceuticals**

Lawrence H. Martin

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

SUZANNE SWARCE
46 Paradise Lane
Halifax, MA 02338

       Plaintiffs,

    v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

    and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
    w/s/o CT CORPORATION
    1025 Vermont Avenue, N.W.
    Washington, D.C. 20005

    and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
    w/s/o CT CORPORATION
    1025 Vermont Avenue, N.W.
    Washington, D.C. 20005

    and

DART INDUSTRIES, INC. a successor to
REXALL DRUG COMPANY, INC.
14901 South Orange Blossom Trail
Orlando, FL 32837

    and

Civil Action No.

FILED
CIVIL ACTIONS BRANCH

FEB 1 1 2004

Superior Court
of the District of Columbia
Washington, D.C.

94-0001095

GLAXOSMITHKLINE, INC.,                    ]
a successor to S. E. Massengill            ]
1500 K Street, NW                          ]
Washington, DC 20036                       ]
                                           ]
    and                ]
                                           ]
PREMO PHARMACEUTICAL                       ]
  LABORATORIES, INC.             ]
w/s/o Corporation Trust Co.                ]
820 Bear Tavern Road                       ]
West Trenton, NJ 08628                     ]
                                           ]
    and                ]
LANNETT COMPANY, INC.                      ]
c/o Samuel Gratz, CEO                      ]
9000 State Road                            ]
Philadelphia, PA 19136                     ]
                                           ]
    and                ]
                                           ]
WYETH                                      ]
5 Giraldi Farms                            ]
Madison, NJ 07940                          ]
                                           ]
                                           ]
        Defendants.    ]

## COMPLAINT
### (DES Litigation – Products Liability, Market Share Liability)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Defendants and their predecessors are engaged, or have been engaged, in the

manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the

United States, and are doing business in the District of Columbia, and sought and obtained

industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of

Columbia.

## COUNT I
### (Negligence)

3.      On or about 1968 and 1969, during her pregnancy with Suzanne Swarce, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the state of Massachusetts.

4.      As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility, an inability to carry a child to term, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5.      Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.      All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.      DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.      Defendants are engaged or have been engaged in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9.     Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

10.     Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.     Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.     As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was unreasonably exposed to DES as an unborn child and suffered injury, loss, and damages as aforesaid.

13.     By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

**COUNT III**
**(Breach of Warranty)**

14.     All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.     At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their

patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

### COUNT IV
### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians, did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.     As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24.     The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff Suzanne Swarce, individually, demands judgment against

Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million

($1,000,000.00) in punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury of six as to all issues of fact.

Aaron M. Levine

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: JAMES T. BURNS
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

**J.T. BURNS**

**FEB 16 2004**

SOP Transmittal # DC10398

Telephone (800) 767-1553

Fax (609) 716-0820

*DES*

Defendant: ELI LILLY AND COMPANY

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of DISTRICT OF COLUMBIA on this 13th day of February, 2004. The following is a summary of the document(s) received:

1) **Title of Action:** Swarce vs. Eli Lilly & Co.

2) **Document(s) served:**

| | | | | | |
|---|---|---|---|---|---|
| X | Summons | ___ | Subpoena | ___ | Injunction |
| X | Complaint | ___ | Third Party Complaint | ___ | Notice of: |
| ___ | Petition | ___ | Demand for Jury Trial | ___ | Mechanics Lien |
| ___ | Garnishment | ___ | Default Judgement | ___ | Other: |

3) **Court of Jurisdiction/ Case & Docket Number:** Superior Court of District of Columbia 04-0001095

4) **Amount claimed, if any:** $2000000

5) **Method of Service:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ___ | Personally Served By: | ___ | Process Server | ___ | Deputy Sheriff | ___ | U.S. Marshall |
| X | Delivered Via: | ___ | Certified Mail | X | Regular Mail | ___ | Facsimile |
| ___ | Other: | | | | | | |

6) **Date and Time of Service:** 2/13/2004 3:51:56 PM

7) **Appearance/Answer Date:** 20 Days

8) **Plaintiff's Attorney:** Aaron M. Levine

1320 19th street,
suite 500
Washington DC 20036
202-833-8040

9) **Federal Express Airbill #** 790549614440

10) **Call Made To:** Not required

11) **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**          **Copies To:**

Transmitted by: John Christel

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for the informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take the appropriate action.

**ORIGINAL**



### Superior Court of the District of Columbia
### Civil Division

Swarce,S. vs. Eli Lilly and Co. et. al _____          C.A. No. 04ca001095

## INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

February 11,2004                        Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #11   (Judge Natalia Combs-Greene)

Initial conference: @ 9:00am  05/14/04      Courtroom: 312, 3rd Floor
                                            500 Indiana Avenue N.W.
                                            Washington, D.C. 20001

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| SUZANNE SWARCE |
|---|

*Plaintiff*

04—0001095

VS.

Civil Action No. [                    ]

| ELI LILLY AND COMPANY |
|---|

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|
Address

| Washington, DC 20036 |
|---|

| (202) 833-8040 |
|---|
Telephone

By _____
Deputy Clerk

Date [ 2/11/04 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

LAW OFFICES
AARON M. LEVINE
SUNDERLAND PLACE
1320 NINETEENTH STREET, N.W.
WASHINGTON, D.C. 20036

7003 2260 0000 9626 4614

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

This service area is provided for your internal use ice. Service must be marked on airbill.

**FedEx Service:**

**MS: 1096**

FROM:

CARR: FEX

TRK#: 790549614440

02/16/04
07:39

**BLDG: 74**

PH: 021320040403

# OF PCS:

9047023691515

FLR: 09

Burns James T

FedEx Label

From: (800)767-1553
National Registered Agents, Inc
1090 Vermont Avenue, N.W.
Suite 910
Washington, DC 20005

To: JAMES T. BURNS (317)276-2693
ELI LILLY AND COMPANY
**LILLY CORPORATE CENTER**

**INDIANAPOLIS, IN 462850000**

Ref: DC10398

DELIVERY ADDRESS (FedEx-EDR)
TRK# 7905 4961 4440

FORM
0201

** 2DAY **

IND

**SE GSHA**

TUE
A1
Deliver by
17FEB04

46285-IN-US

sert
rbill
ere
▼

155475F60
REV 11/02 RT



**100% Recycled Paperboard**
MINIMUM 35% POST CONSUMER CONTENT

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SUZANNE SWARCE,

          Plaintiff,

       v.

ELI LILLY AND COMPANY, *et al.*

          Defendants.

CIVIL ACTION No. 04-0001095

Calendar #11

Judge Natalia Combs-Greene

RECEIVED
Civil Clerk's Office
MAR 0 4 2004
Superior Court of the
District of Columbia
Washington, D.C.

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the

Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but

expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed

to the allegations of the Complaint.

    1.  Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal

question to which no response is required.  To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

    2.  Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia.

Lilly responds that the term "DES" includes many drug products including but not limited to

diethylstilbestrol, and any admissions in this Answer are intended to refer only to

diethylstilbestrol as it relates to Lilly.  Lilly also states that it is doing business in the District of

Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District

of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the

drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

## COUNT I
### (Negligence)

3.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 3. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 3 of the Complaint.

4.  Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.  Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II
### (Strict Liability)

6.  Lilly repeats and realleges its answers contained in Paragraphs 1 through 5 above.

7.  Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8.  In response to the allegations contained in Paragraph 8, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 8 of the Complaint.

9.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

### COUNT III
### (Breach of Warranty)

14. Lilly repeats and realleges its answers contained in Paragraphs 1 through 13 above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

### COUNT IV
### (Misrepresentation)

19. Lilly repeats and realleges its answers contained in Paragraphs 1 through 18 above.

20. Lilly denies the allegations contained in Paragraph 20 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint..

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

### COUNT V
### (Punitive Damages)

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over defendant.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may

become available or apparent during discovery proceedings in this case, and hereby reserves the

right to amend its Answer to assert any such defense.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: March 4, 2004

## CERTIFICATE OF SERVICE

I certify that on March 4, 2004, a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

Sydney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorney for Bristol-Myers Squibb Company and Pharmacia and Upjohn Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorney for Dart Industries, Inc.**

Daniel Whitney, Esq.
Janet Coleman, Esq.
Whitney & Bogris LLP
401 Washington Avenue
Towson, MD 21204
**Attorneys for GlaxoSmithKline**

J. Paul Mullen, Esq.
Kathleen M. Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorneys for Lannett Company, Inc.**

Aaron Handleman, Esq.
Juli Simonyi, Esq.
Eccleston and Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical Laboratories Inc.**

Gregory D. Winfree, Esq.
Wyeth Pharmaceuticals
500 Arcola Road
North Dock, RC-1
Collegeville, Pa. 19426
**Attorney for Defendant, Wyeth Pharmaceuticals**

Lawrence H. Martin

**SUPERIOR COURT FOR
THE DISTRICT OF COLUMBIA
Civil Division**

| | | |
|---|---|---|
| SUZANNE SWARCE | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No.:  04-CA-0001095** |
| | ) | **Calendar No.: 11** |
| v. | ) | **Judge Natalia Combs-Greene** |
| | ) | |
| ELI LILLY AND COMPANY, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker and Goodell, DeVries, Leech & Dann, LLP, for an answer to the Complaint filed against it in the above-captioned case and each and every count thereof says:

## FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

## SECOND DEFENSE

1.      As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to either admit or deny the allegations in this paragraph and, therefore, demands strict proof thereof by the Plaintiff.

2.      This Defendant admits that it has been and is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.      As to Count I, Paragraph 3 of the Complaint, this Defendant denies the allegations in this paragraph.

4.      As to Paragraphs 4 and 5 of Count I of the of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

5.      As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

6.      As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

7.      As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES, or was previously a manufacturer of DES.

8.      As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

9.      As to Count III, Paragraphs 15, 16, 17, and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

10.      As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

11.      As to Count IV, Paragraphs 20, 21, 22, and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

2

12.    As to Count V, Paragraph 24 of the Complaint, this Defendant denies the allegations of this paragraph as to it and, further answering, states that the allegations contained in Count V of the Complaint do not constitute a separate cause of action and are a legal nullity.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

This Defendant denies any allegation contained in Plaintiff's Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiff's causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a bar to Plaintiff's recovery in this case.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries

3

and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

### ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of <u>res judicata</u> or the doctrine of collateral estoppel.

### TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiff is barred from recovery.

4

## THIRTEENTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiff's causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal, Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

That the allegations contained in Count V of the Complaint, are legally insufficient to set forth a cause of action entitling the Plaintiff to punitive damages under the substantive law of the applicable state.

## SEVENTEENTH DEFENSE

Count V is a legal nullity because a request for punitive damages does not constitute a separate cause of action.

## EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution.

5

## NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United State Constitution.

## TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIRST DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution.

## TWENTY-SECOND DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the learned intermediary doctrine.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

Sidney G. Leech (D.C. Bar No. 359071)
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
410-783-4000

*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _25th_ day of February, 2004, a copy of Defendant

Bristol-Myers Squibb Company's Answer to Complaint was mailed via first class mail, postage-

prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, NW - Suite 500
Washington, DC 20036; *Attorneys for Plaintiff*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, DC  20006;

James J. Dillon, Esquire
Foley, Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210; *Attorneys for Eli Lilly and Company*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia  22102; *Attorneys for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland  21204; *Attorneys for Glaxosmithkline, Inc.*

Aaron L. Handleman, Esquire
Eccleston & Wolf, PC
2001 S Street, NW, Suite 310
Washington, DC 20009; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

8

J. Paul Mullen, Esquire
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland  21201-3020
***Attorneys for Defendant Lannett Company, Inc.***

Wyeth
5 Giraldi Farms
Madison, NJ  07940

Sidney G. Leech

***Attorneys for Defendant,***
***Bristol-Myers Squibb Company***

**SUPERIOR COURT FOR
THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| SUZANNE SWARCE ) | |
| ) | |
| **Plaintiff** ) | Civil Action No.:  04-CA-0001095 |
| ) | Calendar No.: 11 |
| v. ) | Judge Natalia Combs-Greene |
| ) | |
| ELI LILLY AND COMPANY, et al. ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## ANSWER TO COMPLAINT

Pharmacia and Upjohn Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker and Goodell, DeVries, Leech & Dann, LLP, for an answer to the Complaint filed against it in the above-captioned case and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.    As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to either admit or deny the allegations in this paragraph and, therefore, demands strict proof thereof by the Plaintiff.

2.    This Defendant admits that it has been and is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.    As to Count I, Paragraph 3 of the Complaint, this Defendant denies the allegations in this paragraph.

4.    As to Paragraphs 4 and 5 of Count I of the of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

5.    As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

6.    As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

7.    As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES, or was previously a manufacturer of DES.

8.    As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

9.    As to Count III, Paragraphs 15, 16, 17, and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

10.    As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

11.    As to Count IV, Paragraphs 20, 21, 22, and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

2

12.     As to Count V, Paragraph 24 of the Complaint, this Defendant denies the

allegations of this paragraph as to it and, further answering, states that the allegations contained

in Count V of the Complaint do not constitute a separate cause of action and are a legal nullity.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

This Defendant denies any allegation contained in Plaintiff's Complaint in the above-

captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiff's causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate

cause of the injuries, damages and losses complained of, which negligence is a complete bar to

the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and

her assumption of risk is a bar to Plaintiff's recovery in this case.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused Diethylstilbestrol, which she consumed or

ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby

expressly denied, there was an intervening cause and/or causes leading to said alleged injuries

3

and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

### ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

### TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiff is barred from recovery.

4

### THIRTEENTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

### FOURTEENTH DEFENSE

All of Plaintiff's causes of action are barred by the Doctrine of Federal Preemption.

### FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal, Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

### SIXTEENTH DEFENSE

That the allegations contained in Count V of the Complaint, are legally insufficient to set forth a cause of action entitling the Plaintiff to punitive damages under the substantive law of the applicable state.

### SEVENTEENTH DEFENSE

Count V is a legal nullity because a request for punitive damages does not constitute a separate cause of action.

### EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution.

5

### NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United State Constitution.

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution.

### TWENTY-FIRST DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution.

### TWENTY-SECOND DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the learned intermediary doctrine.

**WHEREFORE**, Pharmacia and Upjohn Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

Sidney G. Leech (D.C. Bar No. 359071)
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
410-783-4000

*Attorneys for Defendant*
*Pharmacia and Upjohn Company*

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ~~th~~ 26 day of February, 2004, a copy of Defendant

Pharmacia and Upjohn Company's Answer to Complaint was mailed via first class mail,

postage-prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, NW - Suite 500
Washington, DC 20036; *Attorneys for Plaintiff*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, DC  20006;

James J. Dillon, Esquire
Foley, Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210; *Attorneys for Eli Lilly and Company*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean,  Virginia  22102; *Attorneys for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland  21204; *Attorneys for Glaxosmithkline, Inc.*

Aaron L. Handleman, Esquire
Eccleston & Wolf, PC
2001 S Street, NW, Suite 310
Washington, DC 20009; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

8

J. Paul Mullen, Esquire
Lord & Whip
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland  21201-3020
*Attorneys for Defendant Lannett Company, Inc.*

Wyeth
5 Giraldi Farms
Madison, NJ  07940

Sidney G. Leech

*Attorneys for Defendant,*
*Pharmacia and Upjohn Company*

9

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SUZANNE SWARCE,                      )
                                     )
            Plaintiff,               )      Civil Action No. 04ca01095
                                     )
v.                                   )      Calendar # 11
                                     )
ELI LILLY AND COMPANY, et al.,       )      Judge Natalia Combs-Greene
                                     )
            Defendants.              )

## ANSWER OF DEFENDANT DART INDUSTRIES, INC.

Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company,
hereinafter referred to as "Dart"), by counsel, for itself alone and denying
knowledge or information sufficient to form a belief with respect to allegations
concerning any other defendant in this action, answers the Complaint herein as
follows.

1.     Dart is without knowledge or information sufficient to form a belief
as to the truth of the averments contained in paragraph 1 of the Complaint and
therefore Dart denies those averments.

2.     In response to the averments contained in paragraph 2 of the
Complaint, Dart admits that Rexall Drug Company sold and distributed the
pharmaceutical product DES between 1949 and 1969, and manufactured DES
between 1949 and 1967, if the term "manufacture" is defined to include the
process of adding inert ingredients to the bulk active chemical produced by and
purchased from others and that in the past Dart has done business in the District
of Columbia.  Except as specifically admitted, Dart denies the allegations
contained in paragraph 2 of the Complaint.

3.      In response to the averments contained in paragraph 3 of the Complaint, Dart admits that Rexall Drug Company sold and distributed the pharmaceutical product DES between 1949 and 1969, and manufactured DES between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Dart denies that it acted in concert with the other defendants or that it advertised DES.  Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 3 of the Complaint and therefore Dart denies those averments.

4.      Dart denies the averments contained in paragraphs 4 and 5 of the Complaint.

5.      In response to the averments contained in paragraph 6 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 5.

6.      Dart denies the averments contained in paragraph 7 of the Complaint.

7.      In response to the averments contained in paragraph 8 of the Complaint, Dart admits that Rexall Drug Company manufactured and produced DES between 1949 and 1967, if the terms "manufacture" and "produce" are defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Except as specifically admitted, Dart denies the averments contained in paragraph 8 of the Complaint.

2

8.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint and therefore Dart denies those averments.

9.    Dart denies the averments contained in paragraphs 10 through 13 of the Complaint.

10.    In response to the averments contained in paragraph 14 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 13.

11.    Dart denies the averments contained in paragraphs 15 through 18 of the Complaint.

12.    In response to the averments contained in paragraph 19 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 18.

13.    Dart denies the averments contained in paragraphs 20 through 24 of the Complaint.

14.    All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

## AS AND FOR AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15.    Plaintiff's alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

3

## SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

17.    If the causes of action asserted in plaintiff's Complaint state claims upon which relief can be granted, plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

## FOURTH AFFIRMATIVE DEFENSE

18.    To the extent that plaintiff asserts claims of fraud, plaintiff has failed to state a cause of action in that plaintiff asserts mere allegations and fail to state with particularity the circumstances constituting the wrong as required by Rule 9 of the Rules of the Superior Court for the District of Columbia for Civil Cases.

## FIFTH AFFIRMATIVE DEFENSE

19.    Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the plaintiff by this answering defendant at the time the mother of the plaintiff allegedly used the drug referred to in the Complaint or by the reason of the doctrine of en ventre sa mere and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

20.    The plaintiff has been unable to identify this defendant as the defendant causing the alleged injuries, and therefore has failed to state a cause of action against this defendant.

### SEVENTH AFFIRMATIVE DEFENSE

21.     Any damages, injuries or losses that may have been sustained by the plaintiff, as alleged in the Complaint, were sustained only after the mother of the plaintiff knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

### EIGHTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused by the negligence of the plaintiff.

### NINTH AFFIRMATIVE DEFENSE

23.     Plaintiff is barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiff during her pregnancy with the plaintiff, the use of said drug was responsible for the birth of the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

24.     If the plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

### ELEVENTH AFFIRMATIVE DEFENSE

25.     If in fact the mother of the plaintiff used the product referred to in the Complaint, upon information and belief, said product was used for a purpose

5

and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

## TWELFTH AFFIRMATIVE DEFENSE

26.    With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiff and this defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

27.    With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

28.    The causes of action asserted herein by the plaintiff, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiff has asserted claims for relief which, if granted, would contravene this defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

29.    The causes of action asserted by the plaintiff herein, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiff has asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking

would contravene this defendant's constitutional rights under the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

30.    The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted, in that, inter alia, plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of this defendant's constitutional rights to equal protection of the laws under the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.    The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted in that, inter alia, plaintiff has asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

32.    If in fact plaintiff's Complaint were held to contain a cause of action upon which relief could be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to the plaintiff, or her agents, or persons other than this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

33.    The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of

7

witnesses, availability of physical evidence or other proof and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

### TWENTIETH AFFIRMATIVE DEFENSE

34.    Plaintiff's demand for punitive damages is barred by the following clauses to the United States Constitution: the due process clauses of the Fourteenth Amendment; the double jeopardy clause of the Fifth Amendment; and the ex post facto clause of Article 1, section 10.

### TWENTY FIRST AFFIRMATIVE DEFENSE

35.    Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.

DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By:

John F. Anderson
DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

## CERTIFICATE OF SERVICE

I hereby certify that on this 4 day of March 2004 a copy of the foregoing

was served by first class mail on the following:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Lawrence H. Martin
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006

James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Sidney Gordon Leech
Goodell, Devries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202

Daniel W. Whitney
Whitney & Bogris, LLP
401 Washington Ave., 12th Floor
Towson, MD 21204

Juli Z. Simonyi
Eccleston & Wolf
2001 S Street, N.W. #310
Washington, D.C. 20009

Robert C. Erlandson
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, MD 21201

John F. Anderson

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

SUZANNE SWARCE                      *

    Plaintiff                       *     Civil Action No. 04-0001095

v.                                  *     Judge Natalia Combs-Greene,
                                          Calendar 11,
ELI LILLY AND COMPANY, et. al.      *     Next Court Event: Initial Conference
                                                           5/14/04, 9:00 am.
    Defendants                      *

*     *     *     *     *     *     *     *     *     *     *     *

## ANSWER TO COMPLAINT

GlaxoSmithKline ("GSK"), sued herein as " GlaxoSmithKline, Inc., successor to S.E. Massengill," by its undersigned attorneys, states as follows in answer to Plaintiff's Complaint:

### Preliminary Statement

GSK states that to the extent that averments in the Complaint refer generally to "defendants," GSK answers these allegations as to itself. GSK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than GSK. GSK further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, GSK states as follows:

1.    Denied. The averments set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and therefore are deemed denied.

2.      Admitted in part, denied in part.  GSK admits that it manufactures and distributes certain pharmaceuticals, and denies the remaining averments set forth in paragraph 2 of the Complaint.

## Count I
## (Negligence)

3.      Denied.  GSK denies plaintiff's exposure to its product at issue. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint, and therefore denies the same.

4.      Denied.  GSK denies the averments set forth in paragraph 4 of the Complaint.

5.      Denied.  GSK denies the averments set forth in paragraph 5 of the Complaint.

## Count II
## (Strict Liability)

6.      GSK reavers and restates its responses to the averments of paragraphs 1 – 5 of the Complaint, as if fully set forth herein.

7.      Denied.  GSK denies the averments set forth in paragraph 7 of the Complaint.

8.      Admitted in part, denied in part.  GSK admits that it manufactures and distributes certain pharmaceuticals, and GSK denies the remaining averments in paragraph 8 of the Complaint.

9.      Denied.  GSK denies plaintiff's exposure to its product at issue. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint, and therefore denies the same.

10.    Denied.    GSK denies the averments set forth in paragraph 10 of the Complaint.

11.    Denied.    GSK denies the averments set forth in paragraph 11 of the Complaint.

12.    Denied.    GSK denies the averments set forth in paragraph 12 of the Complaint.

13.    Denied.    GSK denies the averments set forth in paragraph 13 of the Complaint.

<u>Count III</u>
**(Breach of Warranty)**

14.    GSK reavers and restates its responses to the averments of paragraphs 1-13 of the Complaint, as if fully set forth herein.

15.    Denied.    The averments set forth in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

16.    Denied.    The averments set forth in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

17.    Denied.    The averments set forth in paragraph 17 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

18.    Denied.    GSK denies the averments set forth in paragraph 18 of the Complaint.

## Count IV
## (Misrepresentation)

19.    GSK reavers and restates its responses to the averments of paragraphs 1-18 of the Complaint, as if fully set forth herein.

20.    Denied.  The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21.    Denied.  GSK denies the averments set forth in paragraph 21 of the Complaint.

22.    Denied.  GSK denies the averments set forth in paragraph 22 of the Complaint.

23.    Denied.  GSK denies the averments set forth in paragraph 23 of the Complaint.

## Count V
## (Punitive Damages)

24.    Denied. GSK denies the averments set forth in paragraph 24 of the Complaint.

In response to the unnumbered paragraph following paragraph 24 of the Complaint, GSK states that this paragraph is a demand for relief to which GSK responds that plaintiff is not entitled to any relief, included the relief requested therein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

1.    Plaintiff's claims based upon GSK's alleged duty to warn are barred by the learned intermediary doctrine.

### SECOND DEFENSE

2.     GSK states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against GSK upon which relief can be granted.

### THIRD DEFENSE

3.     GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

### FOURTH DEFENSE

4.     GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

### FIFTH DEFENSE

5.     The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

### SIXTH DEFENSE

6.     GSK states that plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiff's recovery in this case.

### SEVENTH DEFENSE

7.     If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and the State of Massachusetts, and constitute a denial by this Court of GSK's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

### EIGHTH DEFENSE

8.      Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

### NINTH DEFENSE

9.      GSK states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of GSK.

### TENTH DEFENSE

10.      GSK states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto.    Accordingly, plaintiff's claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

### ELEVENTH DEFENSE

11.      GSK states that plaintiff's claim may be barred by contributory negligence, which was a direct, and proximate cause of plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

### TWELFTH DEFENSE

12.      Plaintiff has failed to join all necessary parties.

### THIRTEENTH DEFENSE

13.      If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of GSK was not the proximate and/or competent producing cause of the alleged injuries.

### FOURTEENTH DEFENSE

14.    If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct GSK is not responsible or with whom GSK has no legal relation.

### FIFTEENTH DEFENSE

15.    If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by GSK.

### SIXTEENTH DEFENSE

16.    GSK states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

### SEVENTENTH DEFENSE

17.    Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by GSK, which is denied, the injuries are the result of an idiosyncratic reaction on the part of plaintiff's natural mother and/or plaintiff to the drug.

### EIGHTEENTH DEFENSE

18.    If DES manufactured by GSK was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures.  Accordingly, the DES was abused, misused and applied for purposes other than those, which were indicated or intended by GSK, which is a complete bar to plaintiff's recovery in this case.

### NINETEENTH DEFENSE

19.    At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

### TWENTIETH DEFENSE

20.    Some or all of the plaintiff's claims are barred by collateral estoppel and res judicata.

## TWENTY-FIRST DEFENSE

21.    If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time GSK sold or otherwise parted with possession and control of the product in question.  Accordingly, GSK's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

## TWENTY-SECOND DEFENSE

22.    At all applicable times, GSK fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

## TWENTY-THIRD DEFENSE

23.    Venue is improper in this Court.

## TWENTY-FOURTH DEFENSE

24.    GSK states that the demand for punitive damages and the imposition thereof would violate GSK's rights and privileges under the United States Constitution, including but not limited to, GSK's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, and GSK's right to protection from excessive fines under the Eighth Amendment to the United States Constitution.

## TWENTY-FIFTH DEFENSE

25.     Punitive damages are not recoverable for the causes of action set forth in the Complaint or, in the alternative, the allegations of each cause of action are legally insufficient to support a claim for punitive damages.

## TWENTY-SIXTH DEFENSE

26.     GSK states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

**WHEREFORE**, GSK respectfully requests that this Honorable Court enter an Order dismissing plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,

_Kathleen D. Leslie / JCS_

Daniel W. Whitney (Bar No.: 438668)
Kathleen Dick Leslie (Bar No.: 448511)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
**Attorneys for GLAXOSMITHKLINE**

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2004, a copy of the foregoing Answer to Complaint with Affirmative Defenses by SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE was mailed, first class, postage prepaid to the following counsel:

| | |
|---|---|
| Aaron M. Levine, Esq.<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiff** | Sidney G. Leech<br>GOODELL, DEVRIES, LEECH & DANN, LLP<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>**Attorneys for Bristol-Myers Squibb Co.**<br>**And Pharmacia and Upjohn Company** |
| John F. Anderson<br>RICHARDS, MCGETTIGAN, REILLY & WEST,<br>P.C.<br>225 Reinekers Lane, Suite 700<br>Alexandria, VA. 22314<br>And<br>Sheila Ann Marie Moeller<br>GILBRIDE, TUSA, LAST & SPELLANE, LLC<br>31 Brookside Drive<br>Greenwich, CT 06836<br>**Attorneys for Dart Industries, Inc** | Lawrence H. Martin, Esquire<br>FOLEY HOAG, LLP<br>1875 K Street, N.W., Suite 800<br>Washington, DC 20006<br>And<br>James J. Dillon<br>Ericka L. Harper<br>FOLEY HOAG, LLP<br>155 Seaport Blvd.<br>Boston, Massachusetts 02210-2600<br>**Attorneys for Eli Lilly and Company** |
| Pharmacia and Upjohn Company<br>(aka The Upjohn Company)<br>100 Route 206 North<br>Peapack, NJ 07977 | Robert C. Erlandson, Esquire<br>Kathleen M. Bustraan, Esquire<br>J. Paul Mullen, Esquire<br>LORD & WHIP, PA<br>Charles Center South, 10th Floor<br>36 South Charles Street<br>Baltimore, Md. 21201<br>**Attorney for Lannett Company, Inc.** |

| WYETH<br>5 Giraldi Farms<br>Madison, NJ 07940 | Aaron L. Handleman, Esq.<br>Juli Z. Simonyi, Esq.<br>Eccleston & Wolf PC<br>2001 S Street, N.W., #310<br>Washington, D.C. 20009<br>**Attorney for Premo Pharmaceutical Laboratories, Inc.** |
|---|---|

_Kathleen D. Leslie /JŴ_

Kathleen D. Leslie

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION

SUZANNE SWARCE,

               Plaintiff,

    v.

ELI LILLY AND COMPANY, et. al.,

               Defendants.

Civil Action No. 04-0001095

### DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S, ANSWER TO COMPLAINT

Premo Pharmaceutical Laboratories, Inc., ("Premo") through undersigned counsel, responds as follows to plaintiff's complaint filed February 11, 2004 (the "Complaint"):

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relating to any other defendant herein.

1.    Denies the allegations in paragraph 1 of the Complaint, and refers all questions of law to the Court.

2.    Denies the allegations in paragraph 2 of the Complaint, except admits that at times in the past Premo manufactured and sold DES in dosage form throughout the United States, and that Premo does not contest personal jurisdiction in this matter.

### RESPONDING TO THE FIRST CLAIM FOR RELIEF

3.    Denies the allegations in paragraph 3 of the Complaint, except admits that at times in the past Premo manufactured and sold DES in dosage form.

4.    Denies the allegations in paragraph 4 of the Complaint.

5.    Denies the allegations in paragraph 5 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated purposes, and refers all questions of law to the Court.

## RESPONDING TO THE SECOND CLAIM FOR RELIEF

6.    Responding to the allegations in paragraph 6 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 5 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

7.    Denies the allegations in paragraph 7 of the Complaint except admits that Premo believed at all times when it manufactured and sold DES, that DES was safe and effective for its indicated uses.

8.    Denies the allegations in paragraph 8 of the Complaint, except admits that at times in the past Premo manufactured and sold DES in dosage form.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.

10.    Denies the allegations in paragraph 10 of the Complaint.

11.    Denies the allegations in paragraph 11 of the Complaint.

12.    Denies the allegations in paragraph 12 of the Complaint.

2

13.    Denies the allegations in paragraph 13 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO THE THIRD CLAIM FOR RELIEF

14.    Responding to the allegations in paragraph 14 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 13 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

15.    Denies the allegations in paragraph 15 of the Complaint.

16.    Denies the allegations in paragraph 16 of the Complaint.

17.    Denies the allegations in paragraph 17 of the Complaint.

18.    Denies the allegations in paragraph 18 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO THE FOURTH CLAIM FOR RELIEF

19.    Responding to the allegations in paragraph 19 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 18 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

20.    Denies the allegations in paragraph 20 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES, that DES was safe and effective for its indicated uses.

21.    Denies the allegations in paragraph 21 of the Complaint.

3

22.    Denies the allegations in paragraph 22 of the Complaint.

23.    Denies the allegations in paragraph 23 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO THE FIFTH CLAIM FOR RELIEF

24.    Denies the allegations in paragraph 24 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

25.    The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

26.    Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## THIRD AFFIRMATIVE DEFENSE

27.    The causes of action alleged in the Complaint are barred by applicable statutes of limitations and by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

28.    Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine of *en ventre sa*

4

*mere*, and therefore, plaintiff has failed to allege facts sufficient to state a cause of action upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

29.   Plaintiff has been unable to identify Premo as the company causing the alleged injuries, and therefore has failed to state a cause of action against Premo upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

30.   Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

## SEVENTH AFFIRMATIVE DEFENSE

31.   Upon information and belief, any injuries, losses or damages that plaintiff may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

32.   Plaintiff is barred from asserting the causes of action contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

5

### NINTH AFFIRMATIVE DEFENSE

33.   If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

### TENTH AFFIRMATIVE DEFENSE

34.   If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

35.   Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

### TWELFTH AFFIRMATIVE DEFENSE

36.   With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

37.    With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

38.    The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a cause of action upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

39.    In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and all applicable state constitutions.

7

## SIXTEENTH AFFIRMATIVE DEFENSE

40.  In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under the United States and all applicable state constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

41.  If Premo is found liable to plaintiff for any loss allegedly suffered by plaintiff, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

42.  If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiff or her agents or persons other than Premo or completely barred by the doctrine of contributory negligence.

8

## NINETEENTH AFFIRMATIVE DEFENSE

43. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES and were not due to caused by the fault, lack of care, negligence or any breach of duty by Premo.

## TWENTIETH AFFIRMATIVE DEFENSE

44. Plaintiff's claims for relief are barred by the learned intermediary doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

45. Venue is improper in this Court. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

46. Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and all applicable state constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

47. Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

LIBNY/4283136.1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

48.    Any award of punitive damages to plaintiff in this case disproportionate to the actual damages incurred by plaintiff, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

49.    Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiff has failed to state facts sufficient to support a claim for punitive damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

51.    Plaintiff's claims for exemplary or punitive damages violate the prohibition against "excessive fines" set forth in the Eighth Amendment to the Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

52.    Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses that become available during discovery or trial.

LIBNY/4283136.1

**WHEREFORE**, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated:        March ℒ, 2004

ECCLESTON AND WOLF

By:_____

Aaron I. Handleman (#48728)
Juli Z. Simonyi (#466921)
Eccleston & Wolf, P.C.
2001 S Street, N.W.
Suite 310
Washington, D.C. 20009
Telephone (202) 857-1696/
Facsimile (202) 857-0762
*Attorney for Defendant,*
*Premo Pharmaceutical Laboratories, Inc.*

Of Counsel:
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
(212) 813-8800

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___2___ day of March, 2004, a copy of the foregoing

Answer to Plaintiff's Complaint was faxed and mailed, postage prepaid, to:

> Aaron M. Levine, Esq.
> Brandon J. Levine, Esq.
> Renee L. Robinson-Meyer, Esq.
> Steven J. Lewis, Esq.
> Aaron M. Levine & Associates, PA
> 1320 19th Street, NW
> Suite 500
> Washington, DC 20036
> *Attorneys for Plaintiffs*

And sent by regular mail to:

> Daniel W. Whitney, Esq.
> Janet Coleman, Esq.
> Whitney & Bogris, LLP
> 401 Washington Avenue
> Twelfth Floor
> Towson, Md.  21204
> *Attorneys for GlaxoSmithKline*

> Lawrence H. Martin, Esquire
> Foley, Hoag, LLP
> 1747 Pennsylvania Avenue, NW
> Suite 1200
> Washington, DC  20006-4604

and

> James J. Dillon, Esquire
> John Granberry, Esquire
> Foley, Hoag, LLP
> 155 Seaport Boulevard
> World Trade Center West
> Boston, Massachusetts  02210-2600
> *Attorneys for Eli Lilly and Company*

> John F. Anderson, Esquire
> Troutman Sanders LLP
> 1660 International Drive
> Suite 600, Tysons Corner
> McLean, Virginia 22102

and

Sheila Ann Marie Moeller, Esquire
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, Connecticut  06836
*Attorneys for Defendant Dart Industries, Inc.*

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
*Attorneys for Bristol-Meyers Squibb Company and Pharmacia and Upjohn Co.*

J. Paul Mullen, Esquire
Kathleen Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South, 10th Floor
Baltimore, Maryland  21201
*Attorneys for Lannett Company, Inc.*

Wyeth
5 Giraldi Farms
Madison, NJ  07940


_____
Juli Z. Simonyi

LIBNY/4283136.1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| SUZANNE SWARCE | * | Civil Action No.: 04ca001095 |
| Plaintiff | * | Calendar No. 11 |
| | | Judge Natalia Combs-Greene |
| v. | * | |
| ELI LILLY AND COMPANY, et al. | * | |
| Defendants | * | |

\*       \*       \*       \*       \*       \*       \*

### LANNETT COMPANY, INC.'S ANSWER TO COMPLAINT

Defendant, Lannett Company, Inc. ("Lannett"), by undersigned counsel, answers the Complaint and states as follows:

1.      Lannett states that the allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required.

2.      Lannett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, but to the extent that a response is required, it denies the allegations contained in paragraph 2.

### COUNT I
#### (Negligence)

3.      The allegations contained in paragraph 3 are denied.

4.      The allegations contained in paragraph 4 are denied.

5.      The allegations contained in paragraph 5 are denied.

## COUNT II
### (Strict Liability)

6.    Lannett repeats and realleges its responses to paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7.    The allegations contained in paragraph 7 are denied.

8.    Lannett admits that it has produced DES.

9.    Lannett denies the allegations contained in paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint are denied.

11.    The allegations contained in paragraph 11 of the Complaint are denied.

12.    The allegations contained in paragraph 12 of the Complaint are denied.

13.    The allegations contained in paragraph 13 of the Complaint are denied.

## COUNT III
### (Breach of Warranty)

14.    Lannett repeats and realleges its responses to paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.    The allegations contained in paragraph 15 of the Complaint are denied.

2

16.    The allegations contained in paragraph 16 of the Complaint are denied.

17.    The allegations contained in paragraph 17 of the Complaint are denied.

18.    The allegations contained in paragraph 18 of the Complaint are denied.

## COUNT IV
### (Misrepresentation)

19.    Lannett repeats and realleges its responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.    Lannett denies the allegations contained in paragraph 21 of the Complaint.

21.    Lannett denies the allegations contained in paragraph 21 of the Complaint.

22.    Lannett denies the allegations contained in paragraph 22 of the Complaint.

23.    Lannett denies the allegations contained in paragraph 23 of the Complaint.

## COUNT V
### (Punitive Damages)

24.    Lannett denies the allegations contained in paragraph 24 of the Complaint.

Lannett also raises the following affirmative defenses:

3

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages, and losses complained of, which negligence is a complete bar to the recovery by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother assumed the risks inherit in the use of DES in her assumption of risk is a bar to Plaintiff's recovery in this case.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby denied, there was an intervening cause and our cause is leading to said alleged injuries and, as such, any action of the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby denied, said injuries were caused in whole or in part by the conduct of

4

one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH AFFIRMATIVE DEFENSE

This Complaint is barred in whole or in part by the application of the statute or statutes of repose.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be obtained.

## TENTH AFFIRMATIVE DEFENSE

If the product was unsafe, then it was unavoidably unsafe.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, than this Defendant alleges that such product was in conformity with the generally recognized state of the art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, the Plaintiff is barred from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiff's causes of action are barred by the doctrine of federal pre-emption.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all applicable times, the Defendant fully complied with applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food Drug & Cosmetic Act and those promulgated by Federal Food & Drug Administration.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate the Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate the Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Count V is a legal nullity because the request for punitive damages does not constitute a separate cause of action.

*J. Paul Mullen*

J. Paul Mullen (Bar No. 391825)
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881

Attorney for Defendant,
Lannett Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __5__ day of March, 2004 a copy of the foregoing Answer to Complaint was mailed first-class, postage prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

James J. Dillon, Esquire
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb Company and Pharmacia and Upjohn Company*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for Glaxosmithkline, Inc.*

Aaron L. Handleman, Esquire
Eccleston & Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorney for Premo Pharmaceutical Laboratories, Inc.*

Wyeth
5 Giraldi Farms
Madison, New Jersey 07940

*J Paul Mullen*
J. Paul Mullen

314969

8