IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE SWARCE, | ] |
| Plaintiff, | ] |
| v. | ] Civil Action No.: 04cv11493 (NG/JLA) |
| | ] Next Event: Scheduling Conference on |
| ELI LILLY AND COMPANY, et al., | ] January 31, 2005 at 3:30 p.m. |
| Defendants. | ] |

**JOINT RULE 16.1 REPORT**

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and defendants conferred up to and including January 21, 2005, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendants will bring dispositive motions as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate

judge. Defendants do not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Marianne B. Bowler for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) disclosures. The parties also agree that if plaintiff requests an extension of time to respond to defendants' discovery requests, plaintiff shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all

known medical providers who have treated plaintiff and/or her mother; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiff and/or her attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendants agree that, within a week of the time that defendants obtain any medical records (other than medical records received directly from plaintiff), defendants shall send a copy of all such medical records to plaintiff's counsel.

<u>TOPIC NO. 8</u>: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

<u>POSITION OF PARTIES</u>:  The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of the plaintiff, any current or former husband of plaintiff, her mother, and her father, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

| | |
|---|---|
| May 2, 2005: | Deadline for serving Discovery Requests. |
| June 1, 2005: | Deadline for plaintiff to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |
| July 1, 2005: | Deadline for defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |

-3-

  August 31, 2005:    All Discovery closed. The parties agree that experts may be deposed until the close of discovery.

  September 30, 2005:   Deadline for Filing Dispositive Motions.

  November 2005:    Pre-Trial Conference.

  The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

  <u>TOPIC NO. 9</u>: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

  <u>POSITION OF PARTIES</u>: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the parties may inquire into the topic of prior cases at the time of the deposition.

  <u>TOPIC NO. 10</u>: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

  <u>POSITION OF PARTIES:</u>  Not applicable.

  <u>TOPIC NO. 11:</u> Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

  <u>POSITION OF PARTIES</u>: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

  <u>TOPIC NO. 12</u>: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in November 2005.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.   Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was which was manufactured, marketed, sold, promoted and distributed by the Defendants in 1968 to the plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations and resultant infertility with concomitant expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendants are liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

B.   Defendants':

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the plaintiff

under any of the plaintiff's causes of action. Lilly believes that the Plaintiff's evidence is insufficient to meet her burden of persuasion that she was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the plaintiff complains, and that Lilly breached any duties owed to the plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Pharmacia and Upjohn Company ("Upjohn") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that she was exposed to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, and that this Defendant breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. This Defendant has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, successor in interest to S.E. Massengill Co. and Burroughs-Wellcome ("GSK") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, GSK believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that she was exposed to DES in the first place, that any such DES was manufactured or produced by GSK, that any such DES caused the injuries of which the Plaintiff

complains, and that GSK breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. GSK has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Premo believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that she was exposed to DES in the first place, that any such DES was manufactured or produced by Premo, that any such DES caused the injuries of which the Plaintiff complains, and that Premo breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Premo has also asserted several affirmative defenses, including, that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

A.   Plaintiff's:

The statutory basis for the plaintiff's cause of action is 28 U.S.C. §1332(a) (diversity).

B.   Defendants':

Affirmative defenses asserted by the Defendants with a statutory basis are that the plaintiff's claims may be barred by the statute of limitations and that the plaintiff's claims may be barred and preempted by the Federal Food, Drug, and Cosmetic Act. Defendant Premo also notes that it has asserted the affirmative defense that this Court is not the proper venue for this action.

CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3):

Plaintiff's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 2.

Defendant Eli Lilly and Company's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 3.

Defendant Pharmacia & Upjohn Company's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 4.

Defendant Premo Pharmaceutical Laboratories, Inc.'s certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 5.

Defendant Smithkline Beecham Corporation d/b/a GlaxoSmithKline's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 6.

|  |  |
|---|---|
|  | Respectfully submitted, |
| KENNETH M. LEVINE & ASSOCIATES | FOLEY HOAG LLP |
| /s/ Kenneth M. Levine<br>KENNETH M. LEVINE, BBO#296850<br>370 Washington Street<br>Brookline, MA  02445<br>617-566-2700 | /s/ Brian L. Henninger<br>JAMES J. DILLON, BBO#124660<br>BRIAN L. HENNINGER, BBO#657926<br>155 Seaport Boulevard<br>Boston, MA  02210-2600<br>617-832-1000 |
| and | Attorneys for Eli Lilly and Company |
| Aaron M. Levine<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, N.W.<br>Suite 500<br>Washington, DC  20036<br>202-833-8040 | LAREDO & SMITH LLP<br><br>/s/ Marc C. Laredo (by permission-rm)<br>MARC C. LAREDO, BBO#543973<br>LISA COONEY, BBO#636631<br>15 Broad Street, Suite 600<br>Boston, MA  02109<br>617-367-7984 |
| Attorneys for Plaintiff | Attorneys for Defendant Pharmacia & Upjohn Company |
|  | CURLEY & CURLEY P.C.<br><br>/s/ Robert A. Curley, Jr. (by permission-rm)<br>ROBERT A. CURLEY, JR., BBO#109180<br>27 School Street<br>Boston, MA  02108<br>617-523-2990 |
|  | Attorneys for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline |

                                          GOODWIN PROCTER LLP

                                          /s/ Julie M. Wade (by permission-rm)
                                        JULIE M. WADE, BBO#653902
                                        Exchange Place
                                        Boston, MA   02109-2881
                                        617-570-1000

                                        Attorneys for Defendant Premo
                                                  Pharmaceuticals, Inc.

Dated: January 21, 2005